UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEREK ROBERT DESSERO
and similarly, situated individuals,

    Plaintiff,

vs.

1144 OD LLC d/b/a VICTOR HOTEL,
a Florida corporation, MIAMI SUN MANAGEMENT LLC, and
JORDACHE ENTERPRISES INC.,
a New York Corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, DEREK ROBERT DESSERO (hereinafter "DESSERO"), sues Defendants, 1144 OD LLC d/b/a VICTOR HOTEL (hereinafter "VICTOR HOTEL"), MIAMI SUN MANAGEMENT LLC (hereinafter "MIAMI SUN") and JORDACHE ENTERPRISES INC. (hereinafter "JORDACHE") by and through the undersigned counsel, hereby files and serves the instant Complaint and states:

1. DESSERO and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or the "FLSA") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3. All acts or omissions giving rise to this dispute took place in the Southern District

of Florida.

## PARTIES

4. DESSERO, is an individual, a resident of Miami-Dade County, Florida, and was an employee of VICTOR HOTEL from or about March 2017 through March 21, 2020.

5. DESSERO, is an individual, a resident of Miami-Dade County, Florida, and was an employee of JORDACHE from or about March 2017 through March 21, 2020.

6. DESSERO, is an individual, a resident of Miami-Dade County, Florida, and was an employee of MIAMI SUN from or about March 2017 through March 21, 2020.

7. At all times material to this Complaint, DESSERO was an employee of Defendants who was non-exempt from the overtime provisions of the Act.

8. VICTOR HOTEL is a Florida corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint including the time that Plaintiff worked for the corporate Defendant to the present day. Its principal place of business is in Miami-Dade County, Florida.

9. JORDACHE is a New York corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint including the time that Plaintiff worked for the corporate Defendant to the present day. Its principal place of business is in New York.

10. MIAMI SUN is a Florida corporation doing business in Miami-Dade County, Florida at all times relevant to this Complaint including the time that Plaintiff worked for the corporate Defendant to the present day. Its principal place of business is in Miami-Dade County, Florida.

11. JORDACHE owns VICTOR HOTEL.

12. JORDACHE owns and manages several properties in the South Florida area.

13. JORDACHE together with MIAMI SUN manages several properties in the South Florida area.

14. The human resources function of Defendants is centralized within JORDACHE.

15. VICTOR HOTEL, MIAMI SUN and JORDACHE can be considered a "single entity" within the meaning of the FLSA and/or the Fair Labor Standards Act (FLRA).

16. VICTOR HOTEL, JORDACHE can be considered a "single entity" within the meaning of the FLSA and/or the Fair Labor Standards Act (FLRA).

17. DESSERO was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for Defendants and at all times material to this Complaint.

18. During the time that Plaintiff worked for VICTOR HOTEL to the present, VICTOR HOTEL was and has been in the business of hospitality selling hotel rooms, meeting space and similar to customers located inside the State of Florida as well as outside the State.

19. Upon information and belief, VICTOR HOTEL's gross revenues for the entire time of DESSERO's employ through the present exceeded $500,000 per year.

20. Upon information and belief, JORDACHE's gross revenues for the entire time of DESSERO's employ through the present exceeded $500,000 per year.

21. Upon information and belief, MIAMI SUN's gross revenues for the entire time of DESSERO's employ through the present exceeded $500,000 per year.

22. Upon information and belief, VICTOR HOTEL regularly orders and ordered goods and materials that come from outside the State of Florida and has done so throughout entire time of Plaintiff's employ.

23. Upon information and belief, JORDACHE regularly orders and ordered goods and

materials that come from outside the State of Florida and has done so throughout entire time of Plaintiff's employ.

24. Upon information and belief, MIAMI SUN regularly orders and ordered goods and materials that come from outside the State of Florida and has done so throughout entire time of Plaintiff's employ.

25. By reason of the foregoing, for VICTOR HOTEL was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

26. By reason of the foregoing, for JORDACHE was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

27. By reason of the foregoing, for MIAMI SUN was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

28. Plaintiff consents to being a party-Plaintiff in this collective action.

## FACTUAL ALLEGATIONS

29. On or about March 3, 2017, DESSERO accepted the terms of Defendant's offer letter for a position as Group Sales Manager at a salary of $60,000 per year and 2% in commissions based on "achieved room revenues of groups of 8 or more rooms." (Ex. A).

30. The offer letter was signed by Daniel Tamir, Director of Finance for JORDACHE. *Id.*

31. The offer letter also stated that DESSERO was to be an employee of MIAMI SUN, which is believed to be the management company between VICTOR HOTEL and JORDACHE. *Id.*

32. DESSERO began working for VICTOR HOTEL as a Group Sales Manager in or about March 2017.

33. DESSERO's salary was later raised to $70,000 per year.

34. DESSERO was a salesman for several properties owned by JORDACHE.

35. DESSERO reported to the Director of Sales, who reported to a director of JORDACHE.

36. DESSERO was an employee but did not have the power to hire and fire employees; nor was his recommendations for hiring and firing, if there were any, given any weight whatsoever.

37. DESSERO was paid a salary of $70,000 annually and was promised commissions.

38. DESSERO started working for Defendants in March 2017 with a salary $60,000 in addition to 2% commission of total amount of achieved revenue of what he sold.

39. In or about May 2019 DESSERO's salary was increased to $70,000 with same 2% commission structure until December 31, 2019.

40. DESSERO was terminated on March 21, 2020.

41. Defendants failed to pay $7,973 in commissions before he was terminated.

42. DESSERO worked overtime hours on occasion. DESSERO had to assist with hotel, operations/coordination of clients needs such as, but not limited to: setting up of meeting rooms by coming in early, greeting guest upon their arrival to hotel for check in. or had to stay late attending client dinners, cocktail party events or other onsite needs.

43. DESSERO also had to travel on sales missions both inside and outside the state of

Florida which at times required overtime due to travel schedules, client breakfasts/dinners, entertainment, and attending conferences among other events.

44. DESSERO worked approximately 48 hours of overtime in 2017, which amounts of $2,247.52 in overtime ($1250/week ÷ 40 = $31.25 per hour = $46.87 overtime rate; $46.87 x 1.09 overtime time hours per week = $51.08 x 44 weeks = $2,247.52).

45. DESSERO worked approximately 45 hours of overtime in 2018, which amounts of $2,096.02 in overtime ($1250/week ÷ 40 = $31.25 per hour = $46.87 overtime rate; $46.87 x .86 overtime time hours per week = $40.30 x 52 weeks = $2,96.02).

46. DESSERO worked approximately 66 hours of overtime in 2019 and a salary increase in or about May 2019, which amounts of $3,415 in overtime ($1250/week ÷ 40 = $31.25 per hour = $46.87 overtime rate; $46.87 x 1.26 overtime time hours per week = $59.06 x 17 weeks = $1,004.06 + $1458.33/week ÷ 40 = $36.45 per hour overtime rate; $54.67 x 1.26 overtime time hours per week = $68.88 x 35 weeks = $2,410.94).

47. DESSERO worked approximately 20 hours of overtime in 2020, which amounts to $1,82.46 in overtime $1458.33/week ÷ 40 = $36.45 per hour overtime rate; $54.67 x 1.8 overtime time hours per week = $98.40 x 11 weeks = $1082.46).

48. DESSERO engaged in presuit negotiations with VICTOR HOTEL and agreed that the statute of limitations would be tolled.

### COUNT I -- VIOLATION OF FLA. Stat. § 448.08
**(BREACH OF CONTRACT/FAILURE TO PAY COMMISSIONS)**

49. Defendants offered DESSERO employment as group sales manager with a base salary plus commissions.

50. DESSERO accepted Defendants' offer.

6

51. Defendants breached their contract with DESSERO when Defendants failed to pay DESSERO commissions and DESSERO suffered damages as a result.

52. Defendants' failure to pay DESSERO the agreed upon commissions amounts to a breach of contract.

53. As a result of Defendants' breach, DESSERO has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, DESSERO requests judgment against Defendants for his unpaid commissions and other damages, together with costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief as the court may deem proper.

## COUNT II -- VIOLATION OF FAIR LABOR STANDARDS ACT
### (FAILURE TO PAY OVERTIME WAGES)

54. DESSERO reaffirms and re-alleges paragraphs 1- 36 above.

55. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

56. At all times since the three years preceding the filing of this Complaint, Defendants willfully employed Plaintiff and/or similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff for such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Act, 29

USC § 207(a).

57. Defendants are each and are collectively an employer under the Act.

58. Defendants willfully and intentionally failed to pay Plaintiff the statutory overtime rate as required by the laws of the United States as set forth above and remains owing his back wages.

59. As a result of the under payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the underpayment to Plaintiff by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, Plaintiff demands judgment awarding him all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. DESSERO also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendants to pay overtime owed to its employees and an Order prohibiting Defendants from violating the FLSA in the future.

## JURY DEMAND

Plaintiff and similarly situated individuals demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440

Miami, Florida 33131
(305) 375-9510 Ext. 314
(305) 375-9511 (facsimile)

/s_Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829